UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

AMANDA CLARKE, et al.,

               Plaintiff,

  - against -

THE CITY OF NEW YORK, et al.,

               Defendant.
------------------------------------X

13 CV 5303 (RWS)

O R D E R

**Sweet, D.J.**

On November 12, 2015, Plaintiffs Hiott-Millis, Ramon, and Wolfe and Defendants filed a stipulation and order of dismissal agreeing to dismiss their action with prejudice. ECF No. 39. Plaintiff Amanda Clarke was not a party to the stipulation, and her case remains open.

On November 13, 2015, in light of numerous warnings to Plaintiff Clarke to appear or communicate with the Court or opposing counsel or risk dismissal, the Honorable Frank Maas, assigned Magistrate Judge in this action, recommended Clarke's action be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 40 ("Maas Report" or "Report"). The Report allowed fourteen days from service to file written objections pursuant to 28 U.S.C. § 636(b)(1). Id.

1

Having reviewed the Report and for the reasons set forth below, the Maas Report is affirmed and the above-entitled action is hereby dismissed.

A plaintiff is obligated to prosecute his or her case diligently and, if such diligence has not been exerted, the Court may dismiss the action sua sponte under Rule 41(b) for failure to prosecute. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); Brown v. New York Univ., 2013 WL 433539, *1 (S.D.N.Y. Feb. 1, 2013); see also LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)) (noting that while the text of Rule 41(b) addresses only the case in which a defendant moves for dismissal of an action, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute").

It is well established that a dismissal for failure to prosecute is amongst the "harshest of sanctions." See Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013). In considering such a dismissal, a district court must balance five factors, keeping in mind that no single factor is generally dispositive: "(1) the duration of the plaintiff's failure to

comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, et al., No. 13-3079-cv, slip op. at 8 (2d. Cir. Sept. 24, 2014) (internal quotations omitted) (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); see also Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Furthermore, courts must make a finding of "willfulness, bad faith, or reasonably serious fault" when evaluating a plaintiff's failure to comply with court directives. Baptiste, No. 13-3079-cv, slip op. at 10 (quoting Mitchell, 708 F.3d at 467).

Here, Plaintiff Clarke has failed to comply with Judge Maas' October 14, 2015 Order to appear at an in-court conference dated November 12, 2015. See Maas Report. Clarke was diligently warned about the consequences of failure to comply and failure to diligently prosecute her case. Id. The October 14 Order stemmed from Clarke's having let her case languish after a motion by Clarke's counsel for leave to withdraw from

3

representation was granted on June 9, 2015. Id. Clarke was warned then that failure to retain new counsel by June 30, 2015 would result in being deemed a pro se litigant. Id. Clarke did not communicate with the Court after this warning. Id. When the Order was issued on October 14, Judge Maas further cautioned Clarke that failure to comply would result in a recommendation that the claims be dismissed for want of prosecution. Id. The Scheduling Order for the conference was mailed to Clarke's last known address and four previous addresses.[1] Id. Clarke did not appear. See Maas Report. Finally, the Report itself notified Clarke that dismissal was imminent, and detailed the procedure by which she could object. This Court has received no communication from Clarke as of December 1, 2015, 18 days after the Report was filed.

Defendants have diligently attempted to resolve this case, succeeding in doing so as to all Plaintiffs but Clarke. Clarke's apparent abandonment of the action stymies their ability to resolve the claims against them. Furthermore, Plaintiff's failure to appear has not been costless to the Court; the Court's docket becomes congested when it repeatedly schedules conferences where nothing meaningful can be

---

[1] It is a plaintiff's obligation to update the Court as to his current address. Brown v. Smith, No. 13 Civ. 4694, 2014 WL 5040908, *2 (S.D.N.Y. Sept. 30, 2014) (R&R ADDOPTED BY COURT); see also Love v. Amerigroup Corp., No. 09 Civ. 4233, 2010 WL 2695636, *4 (E.D.N.Y. June 2, 2010).

accomplished due to Plaintiff's failure to appear.  See Antonio v. Beckford, 05-CV-2225, 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006) ("The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed.... [I]t would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket"). Plaintiff has been offered the opportunity to be heard after withdrawal of counsel, at the November 12 conference, and in response to the Report. Under these circumstances, dismissal is warranted.

The Report constituted a sanction comparable to dismissal without prejudice, allowing Clarke 14 days to object, request an extension for time, or otherwise communicate with the Court regarding this action.  No communication whatsoever having been received, the Maas Report is affirmed and this matter is dismissed with prejudice.

It is so ordered.

New York, NY
December 3 , 2015

ROBERT W. SWEET
U.S.D.J.